EXHIBIT 2

## IN THE DISTRICT COURT OF TULSA COUNTY STATE OF OKLAHOMA

LADON E. HILL, )
)
    Plaintiff, ) Case No.
)
v. )
)
MEMORIAL DRIVE UNITED METHODIST )
CHURCH, a not-for-profit )
Religious organization )
)
    Defendant. )

MARY F. FITZGERALD

DISTRICT COURT
F I L E D
FEB - 9 2017
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

CJ-2017-00510

### PETITION

The Plaintiff hereby submits his Petition. In support thereof, Plaintiff alleges and states as follows:

1. Plaintiff is an individual who is a former employee of Defendant and resides in Tulsa County, Oklahoma.

2. Upon information and belief Defendant is a not-for-profit religious organization

3. Plaintiff was formerly employed with Defendant in Tulsa.

4. Plaintiff was protected class in that he was African American and Defendant engaged in race discrimination in violation of 42 U.S.C. § 1981 by terminating Plaintiff based on his race and retaliating against him for complaining of racial conduct. Plaintiff was hired on or about July 1, 2004 as a youth minister and was terminated on February 10, 2013. In November of 2012 Plaintiff was written up four times within the span of 20 minutes for past conduct in an attempt to create a reason for termination and comply with the written policy of Defendant which requires 4 misconducts prior to termination. The write ups were for conduct that did not occur or for conduct severely exaggerated by Defendant to create a pre-textual reason to terminate Plaintiff. Other

1

employees, including white employees, engaged in far more egregious conduct and were not terminated nor disciplined. This includes two white male Church members being allowed to walk down the center aisle and sit down in the front without incident, yet Plaintiff was written up for bringing his youth group toward the front because it allegedly disrupted service.

5. Defendant discriminated against Plaintiff on the basis of his race by terminating Plaintiff and Plaintiff's race was a significant motivating factor. Moreover, after Plaintiff engaged in protected conduct by reporting and opposing unlawful conduct in good faith, by informally complaining, including complaining about an alleged change in Defendant policy that disproportionally affected African-American children by restricting Church transportation to pick-up such children. After Plaintiff was terminated he filed a written charge of discrimination with the E.E.O.C. Defendant retaliated by disparaging him in Church meeting and documents. This includes Plaintiff availing himself of his rights by questioning whether race discrimination was a significant factor in Defendant's conduct and ultimately submitted a charge of discrimination with the EEOC. Thereafter, Defendant engaged in retaliatory conduct by referencing Plaintiff's name in Church documents, including handing out Church bulletins to the entire congregation informing the congregation the Plaintiff was not an employee anymore and warning the congregation that the Church will not be responsible to any parent or guardian who allow children to go anywhere with Plaintiff. This conveyed a message that Plaintiff was dangerous and impugned Plaintiff. Moreover, a similar letter was mailed to the entire congregation as well, notified the congregation that Plaintiff was terminated and implied that he was unsafe

and sent a copy of a policy to them of the protection of children, in an attempt to besmirch Plaintiff. Additionally, in July of 2013 the Church sent an email to "Methodist Men" advising them that Plaintiff has filed an E.E.O.C. complaint against "all of us." Further, Plaintiff and his sister were removed as ushers with the Church, despite Plaintiff being captain of the usher team and in violation of the Church policy regarding inclusiveness. Several members of the Church in leadership positions confronting Plaintiff after he filed his charge of discrimination.

6. Defendant discriminated against Plaintiff based on his race in violation of 42 U.S.C. § 1981.

7. As a result of Defendant's conduct, Plaintiff has sustained damages in excess of $75, 0000.00.

8. Defendant has acted with conscious disregard to the federally secured rights of Plaintiff and as such, punitive damages in excess of $10,000.00 should be assessed against it.

9. Defendant acted with reckless disregard for the rights of Plaintiff, intentionally and with malice and as such, punitive damages in excess of $75,000.00 should be assessed against it.

10. That Plaintiff should be awarded a reasonable amount of attorney fees and costs incurred herein.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully requests an award of actual damages in excess of $75,000.00, an award of punitive damages in excess of $10,000.00, the costs of this action and any other further relief this Court deems proper.

Respectfully submitted,

*[signature]*

Brendan M. McHugh, OBA #18422
Attorney At Law
P.O. Box 1392
Claremore, Oklahoma 74018
Telephone (918) 608-0111
Fax (918) 803-4910

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**