# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LADON E. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-CV-0227-CVE-JFJ |
| | ) | |
| MEMORIAL DRIVE UNITED | ) | |
| METHODIST CHURCH, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Alter and/or Amend Judgment (Dkt. # 50). On February 20, 2018, the Court entered an opinion and order (Dkt. # 45) granting defendant's motion for summary judgment. Plaintiff asks the Court to reconsider its opinion and order as to his claim of retaliation, and he claims that he offered sufficient evidence of post-employment retaliation to give rise to a genuine issue of disputed fact on this claim.[1] Defendant responds that the Court has already considered and rejected each argument raised in plaintiff's motion, and plaintiff has not offered any new evidence or identified any change in the controlling law. Plaintiff's deadline to file a reply has expired, and no reply was filed.

Plaintiff was formerly employed as a youth minister at the Memorial Drive United Methodist Church, and his employment was terminated on February 10, 2013. On October 23, 2013, Hill filed a civil action against defendant in Tulsa County District Court alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII) and 42 U.S.C. § 1981. The case was

---

[1] Plaintiff asks that all of his claims be "reinstated," but he offers argument only in support of a request to reconsider his retaliation claim. The Court will consider only the specific arguments made by plaintiff in his motion.

removed to federal court. Ladon E. Hill v. Memorial Drive United Methodist Church, 13-CV-745-JHP-TLW (N.D. Okla.). The parties filed a joint stipulation of dismissal and Hill's claims were dismissed without prejudice to refiling. On February 9, 2017, Hill refiled the case in Tulsa County District Court, and defendant removed the case to this Court. Hill alleges claims of racial discrimination and retaliation under § 1981. Dkt. # 2-2.

On February 20, 2018, the Court entered an opinion and order (Dkt. # 45) granting summary judgment in favor of defendant. The Court found that plaintiff could establish a prima facie case of racial discrimination under § 1981, but there was no evidence tending to show that defendant's legitimate, non-discriminatory reason for terminating plaintiff's employment was pretextual. Dkt. # 45, at 8-12. As to plaintiff's retaliation claim, the Court construed plaintiff's arguments as an attempt to show that he was the victim of post-termination retaliation. The focus of the Court's analysis was whether defendant engaged in post-termination conduct with the intent to dissuade plaintiff from making or pursuing a charge of discrimination against defendant. Id. at 14-17. Plaintiff argued that defendant advised church members that he was no longer a church employee, and plaintiff believed that defendant "disparaged" him by refusing to assume responsibility for youth left in plaintiff's care. The Court determined that defendant simply advised church members that plaintiff was not an employee, and this was particularly important because plaintiff continued to make misleading representations about his employment status. Id. at 15. Plaintiff argued that he was prohibited from attending a youth council meeting in April 2013, but the Court determined that the decision to exclude plaintiff from the meeting was not made by defendant. Id. at 5. Plaintiff also argued that defendant notified some of its members in July 2013 that plaintiff had filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The Court

considered and rejected plaintiff's arguments that the conduct was retaliatory, because the alleged conduct could not be tied to defendant as plaintiff's former employer and the alleged conduct would not have constituted an adverse employment action. Id. at 16-17.

Plaintiff's motion to reconsider was filed within 28 days of the entry of judgment of dismissal, and the Court will treat plaintiff's motion as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). Under Rule 59(e), a party may ask a district court to reconsider a final ruling or judgment when the district court has "misapprehended the facts, a party's position, or the controlling law." Barber ex rel. Barber v. Colo. Dep't of Revenue, 562 F.3d 1222, 1228 (10th Cir. 2009). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Reconsideration is "not available to allow a party to reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." FDIC v. United Pac. Ins. Co., 152 F.3d 1266, 1272 (10th Cir. 1998) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 577 (10th Cir. 1996)). "A Rule 59(e) motion to reconsider is designed to permit relief in extraordinary circumstances and not to offer a second bite at the proverbial apple." Syntroleum Corp. v. Fletcher Int'l, Ltd., 2009 WL 761322 (N.D. Okla. Mar. 19, 2009).

The Court has reviewed plaintiff's motion and finds no basis to reconsider its opinion and order (Dkt. # 45) granting defendant's motion for summary judgment. Plaintiff has not provided any new evidence or identified a change in the controlling law, and his motion is based on arguments that he previously advanced in response to defendant's motion for summary judgment. The Court

3

specifically considered each of the arguments raised in plaintiff's motion to reconsider in its ruling on defendant's motion for summary judgment, and the Court rejected each of the arguments that has been re-asserted in plaintiff's motion to reconsider. The sole basis for plaintiff's motion to reconsider is that he disagrees with the Court's opinion and order, but this is not an appropriate basis for reconsideration under Rule 59(e).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter and/or Amend Judgment (Dkt. # 50) is **denied**.

**DATED** this 25th day of April, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE